**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| GARY PHILLIPS | Cause No. 05-CV-51-M-LBE |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED JUDGE |
| JUDY MARTZ, DOROTHY BROWNLAW, FRED VANVALDENBURG, MIKE MCMEEKIN, CHRISTOPHER G. MILLER, JUDGE TED O. LYMPUS, JUDGE STEWART E. STATTLER, ED CORRIGAN, and ED FALLA | |
| Defendants. | |

_____

Currently pending before the Court is Plaintiff's Civil Rights Complaint (Dkt. # 1). The Court previously conducted a preliminary screening of Plaintiff's allegations and made an initial determination that unless Plaintiff could demonstrate that his arrests, convictions and/or sentences had been invalidated his claims would not be proper under 42 U.S.C. § 1983. Plaintiff was directed to amend his complaint to specify the nature of his claims, give a detailed description of the criminal charges involved and the disposition of those criminal charges. Plaintiff has responded and the Court will accordingly complete its preliminary screening of the allegations of Plaintiff's Complaint.

ORDER AND FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 1

**I.   Analysis**

   **A.   State Prosecuting Attorneys**

Plaintiff has named the following prosecuting attorneys as defendants:  Missoula Deputy County Attorney Dorothy Brownlow, Missoula County Attorney Fred VanValkenburg, Powell County Attorney Christopher G. Miller and Flathead County Attorney Ed Corrigan.

A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Id. at 431.  Plaintiff's allegations against each of these attorneys stem from their decisions in the initiation and presentation of the various cases against Plaintiff.  As such, these decisions are associated with the judicial phase of the criminal process.  Therefore, these Defendants are entitled to absolute immunity and the claims against them should be dismissed.

   **B.   State Court Judges**

Similarly, Plaintiff has named as Defendants State of Montana District Court Judges Ted O. Lympus and Stewart E.

ORDER AND FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 2

Stadler of the Eleventh Judicial District.  Judges are absolutely immune from liability for their judicial acts.  Butz v. Economou, 438 U.S. 478 (1978); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 553-554 (1967).  As Plaintiff's only allegations against Judge Lympus and Judge Stadler arise out of their acts committed in the course of their performing their judicial functions, they enjoy absolute immunity in this matter.

### C.  Former Governor Judy Martz

Plaintiff alleges that former Governor Judy Martz slandered his name and aided in other crimes against his person.  The only connection that this Court can conceive former Governor Martz had in this case is her signature on the extradition order appointing Sheriff McMeekin to obtain custody of Plaintiff from Oregon officials and transport him back to Montana to face charges for escape.

Several courts have determined that governors have absolute immunity from suit for claims arising from a governor's evaluation of extradition requests.  The rule arises because the determination to extradite is judicial in nature in that it requires a governor to make factual findings and legal conclusions prior to granting extradition. See White v.

Armontrout, 29 F.3d 357, 360 (8th Cir. 1994); Cote v. Kontos, 1989 WL 10854, *3 (D.Ill.1989); Smith v. Lamm, 629 F.Supp. 1184, 1185 (D.Colo. 1986); Arebaugh v. Dalton, 600 F.Supp. 1345, 1350-51 (D.Va. 1985). This Court agrees. In this case, Governor Martz was presented with an application for requisition pursuant to Mont. Code Ann. § 46-30-400 et seq. and based upon that application made such factual findings and legal conclusions necessary to sign the extradition order. Thus, former Governor Martz is entitled to absolute immunity and all claims against her should be dismissed with prejudice.

### D.  Sheriff Mike McMeekin

Plaintiff's claims against Sheriff McMeekin are that he slandered Plaintiff's name and placed his life in danger. "There is no civil rights action for slander." Hollister v. Tuttle, 210 F.3d 1033, 1036 (9th Cir. 2000) (citing Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986)). Thus, Plaintiff's slander claim cannot be maintained as a federal claim. To the extent that Plaintiff raises a state law slander claim, the Court should decline to exercise jurisdiction and dismiss the state law claims without prejudice. See Wade v. Reg'l Credit Ass'n., 87 F.3d 1098, 1101 (9th Cir. 1996).

Plaintiff's second claim against Sheriff McMeekin appears to be that the Sheriff submitted a "false" NCIC report. In support of this claim, Plaintiff has submitted a NCIC report indicating

that Sheriff McMeekin authorized information being disseminated to other law enforcement agencies regarding Plaintiff leaving the Missoula County Detention Facility.  Submitting a false NCIC report could potentially violate an individual's Fourth Amendment right to be free of unreasonable seizures.  See Clanton v. Cooper, 129 F.3d 1147 (10th Cir. 1997).  However, the facts of this case do not support such a claim.

Plaintiff alleges that he was told to leave the jail and thereafter Defendants issued a warrant for his arrest for escape.  Whether Plaintiff was mistakenly told to leave the jail or whether he misrepresented his name in order to escape is irrelevant for the purposes of this analysis.  In either case, the authorities had a right to issue a warrant and NCIC reports to seek to return Plaintiff back to the jail.  If, as Plaintiff alleges, the authorities had mistakenly released Plaintiff, they could have issued a warrant to rearrest him for the charge which had placed him in custody in the first place.  Plaintiff was not supposed to be out of jail on November 18, 2003 and therefore Defendants' attempt to recapture Plaintiff did not violate his constitutional rights.  Defendants were entitled to recapture Plaintiff and any alleged fear of his life being placed in danger is too speculative to establish a constitutional violation.

**E.   Public Defender Ed Falla**

Plaintiff's claims against public defender Ed Falla are even

ORDER AND FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 5

more tenuous. Plaintiff makes no allegations against Mr. Falla in his Amended Complaint. In his original complaint, Plaintiff alleged that Mr. Falla was under the influence of drugs while defending Plaintiff. Even if true, Plaintiff makes no allegation regarding how this caused him injury. Even though the Court allowed Plaintiff the opportunity to do so, Plaintiff did not clarify on which charges Mr. Falla represented Plaintiff or whether those charges were terminated favorably against him. Thus, Plaintiff has failed to state a claim against Mr. Falla. In addition, the law is clear that a public defender is not a person acting under color of state law when representing an indigent defendant in a state criminal proceeding, *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), and hence the court is without jurisdiction under 42 U.S.C. Sec. 1983. *Ibd*.

Having reviewed the allegations of Plaintiff's Complaint and Amended Complaint, and in light of the fact that the Court has already afforded Plaintiff the opportunity to amend, the Court does not believe further amendment would cure the deficiencies discussed here. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, the Court will recommend that this case be dismissed.

**F.   Motion for Appointment of Counsel (Dkt. # 11)**

Plaintiff has also filed a Motion for Appointment of Counsel. (Dkt. # 11). The Court has already denied Plaintiff's

previous request for counsel. (Dkt. # 8).  Plaintiff has not set forth any new or additional reasons to justify the appointment of counsel.  Additionally, in light of this Court's recommendation that this matter be dismissed, the Court is not inclined to reconsider its prior decision.

Based on the foregoing, and pursuant to 28 U.S.C. § 636(b)(1)(B), the Court hereby enters the following:

### RECOMMENDATION

That Plaintiff's Complaint and Amended Complaint should be **DISMISSED WITH PREJUDICE.**  The Court should decline to exercise jurisdiction over and **DISMISS WITHOUT PREJUDICE** Plaintiff's state law claims.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of this Order and Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within twenty (20) days after the date of this Order, or objection is waived.

Further, the Court enters the following:

### ORDER

Plaintiff's Motion for Appointment of counsel (Dkt. # 11) is **DENIED.**

Petitioner shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this

case without further notice.

DATED this 5th day of May, 2006.

                                         <u>/s/ Leif B. Erickson</u>
                                         Leif B. Erickson
                                         United States Magistrate