IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED
MISSOULA, MT
2006 JUN 23  AM 8 32
PATRICK E. DUFFY
BY_____
DEPUTY CLERK

| | |
|---|---|
| GARY PHILLIPS,<br><br>       Plaintiff,<br><br>  vs.<br><br>JUDY MARTZ, DOROTHY BROWNLAW,<br>FRED VAN VALKENBURG,<br>MIKE MCMEEKIN, CHRISTOPHER G.<br>MILLER, JUDGE TED O. LYMPUS,<br>JUDGE STEWART E. STATTLER,<br>ED CORRIGAN, AND ED FALLA,<br><br>      Defendants. | CV 05-51-M-DWM<br><br>ORDER |

On May 5, 2006, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation (Document 12) on this matter recommending Plaintiff's Complaint and Amended Complaint be denied with prejudice.  On May 30, 2006, Plaintiff filed timely objections (Document 14) and is therefore entitled to a *de novo* review of the record.  28 U.S.C. § 636(b)(1).

When faced with an *in forma pauperis* complaint the federal courts are obligated by statute to conduct a preliminary screening of the merits of the complaint.  28 U.S.C. §§ 1915(e)(2) & A.  Upon review the court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary damages from defendants who are immune to such relief.

-1-

*Id.* Following the guidance provided by the statute, the entirety of Plaintiff's claims in his 42 U.S.C. § 1983 complaint are dismissed on the merits.

Plaintiff's claims against Defendants Brownlow, Van Valkenburg, Miller and Corrigan are dismissed because prosecuting attorneys are immune from prosecution when acting within their official capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff is barred from seeking liability against these Defendants under 42 U.S.C. § 1983, because as prosecutors and agents of the State acting within the "judicial phase" of a criminal proceeding their conduct, statements, and general trial strategy are protected by the doctrine of absolute prosecutorial immunity. *Id.* Nothing in the record shows that the Defendants acted outside of their capacity as prosecutors while dealing with Plaintiff's case and as such no claims may be made against them here.

Defendants Lympus and Stattler are also beyond the reach of 42 U.S.C. § 1983 claims for damages because as judges their judicial acts are protected by the doctrine of absolute immunity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Plaintiff's allegations against both judges pertain to actions within their judicial function and as such it is "solidly established" that they are immune from liability for damages. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).

-2-

Former Governor Martz is absolutely immune from damages for her role in the extradition of Plaintiff from Oregon.  It is assumed from the complaint and subsequent filings that Plaintiff intends to seek damages from Governor Martz as a result of her signature on an order giving Sheriff McMeekin the ability to claim Plaintiff from the Oregon authorities.  It has been held in numerous jurisdictions, and this Court agrees, that governors are absolutely immune from suits arising from their factual findings and legal conclusions with regard to extradition requests. *See White v. Armontrout*, 29 F.3d 357, 360 (8th Cir. 1994); *Cote v. Kontos*, 1989 WL 10854, *3 (D.Ill. 1989); *Smith v. Lamm*, 629 F.Supp. 1184, 1185 (D.Colo. 1986); *Arebaugh v. Dalton*,600 F.Supp. 1345, 1350-51 (D.Va. 1985).  Former Governor Martz followed statutory procedure in evaluating the application for requisition and based upon a sound process signed the extradition order for which she is immune from suit.

The claims for damages brought against Sheriff McMeekin fail to a state claim for which relief may be granted.  Plaintiff's first allegation is that Sheriff McMeekin slandered his name, but this claim is not redressible because there is no recognized federal civil rights action for slander.  *See Hollister v. Tuttle*, 210 F.3d 1033, 1036 (9th Cir. 2000).  Because the Court concludes that all of Phillip's federal claims msut be dismissed, it declines to exercise supplemental jurisdiction over any and

all claims based on state law. 28 U.S.C. § 1367(c)(3).  While
Plaintiff's second claim against Sheriff McMeekin for
falsification of a NCIC report could raise Fourth Amendment
violations, here it does not because Plaintiff was supposed to be
in jail.  Regardless of whether Plaintiff was told to leave, or
if he misrepresented himself in order to flee, the Sheriff had
the right to issue a warrant for his rearrest because on November
18, 2003, Plaintiff had not served the extent of his sentence.
Therefore, Sheriff McMeekin acted as he was entitled to do and so
Plaintiff's allegations against him fail to state a claim upon
which relief can be granted.

Plaintiff's allegations against Defendant Falla also fail
to state a claim for which relief can be granted.  Though given
numerous opportunities to amend Plaintiff still has not shown why
Ed Falla's alleged drug use negatively affected Plaintiff in a
way that would allow for damages to be awarded under 42 U.S.C. §
1983.  In addition to this failure, for the purposes of bringing
suit under 42 U.S.C. § 1983 a public defender is not a person
acting under color of state law when representing an indigent
defendant  *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981).
As the claims against Falla are meritless and beyond the
jurisdiction of the Court in this context they are dismissed.

Generally, Plaintiff's 42 U.S.C. § 1983 complaint does not
meet the threshold requirements for resolution because Plaintiff

-4-

has failed to show that either the sentence or conviction from
which these claim stem has been invalidated.  When a state
prisoner seeks monetary damages under § 1983 the district court
must determine whether a judgement in favor of the plaintiff
would necessarily imply the invalidity of his conviction or
sentence; if so the § 1983 action must be dismissed.  *Heck v.
Humphrey*, 512 U.S. 477, 480 (1994).  If this Court were to grant
Plaintiff's § 1983 complaint it would in essence be declaring
that Plaintiff's federal constitutional rights had been violated
which would necessarily mean that the conviction and sentence
were invalid.  Plaintiff argues in his objection that his
sentence was invalidated by the Montana Supreme Court decision on
November 27, 2001, but this is not the case as the opinion
clearly states that the prisoner shall be released "unless a new
bench warrant" is served within forty-eight hours of the
judgement.  This happened and the Plaintiff was then resentenced
in accordance with *State v. Giddings* on December 13, 2001,
proving that his sentence is yet to be invalidated.

Finally, even if some of the claims above were not barred
for the reasons stated, this action would be barred from
resolution by the three-year statute of limitations for filing a
42 U.S.C. § 1983 complaint.  If it were true that the Plaintiff's
sentence was invalidated on November 27, 2001, the complaint
should have been entered on, or before, November 27, 2004.  In

fact, the complaint was filed on April 19th, 2005, which puts it outside of the three year statutory window and bars the claims from being reviewed.

Based on the foregoing reasons, the Court adopts Judge Erickson's Findings and Recommendation of May 5, 2006, (Document 12) in full.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Complaint and Amended Complaint are **DISMISSED WITH PREJUDICE**.   This Court declines to exercise jurisdiction over and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

2.   Plaintiff's Request for Extension of Time (Document 13) is **DISMISSED AS MOOT**.

3.   Plaintiff's Motion to appoint counsel (Document 15) is **DENIED**.

DATED this _23_ day of June, 2006.

Donald W. Molloy, Chief Judge
United States District Court